B1 (Official Form 1) (04/13)

| United States Bankruptcy Court **NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION (CHICAGO)** | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Klinnert, Richard C** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-9776** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **430 So. 3rd St West Dundee, IL** | Street Address of Joint Debtor (No. and Street, City, and State): |
| ZIP CODE **60118** | ZIP CODE |
| County of Residence or of the Principal Place of Business: **kane** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): **430 So. 3rd St West Dundee, IL** | Mailing Address of Joint Debtor (if different from street address): |
| ZIP CODE **60118** | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Check one box:**  **Chapter 11 Debtors**

- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

**Check all applicable boxes:**

- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

B1 (Official Form 1) (04/13)                                                                                                              Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):  **Richard C Klinnert** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**   (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>**X**  /s/ Karla Hunter                                    5/2/2014<br>    **Karla Hunter**                                        Date |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br>☑  No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br>    ☑  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.<br><br>If this is a joint petition:<br>    ☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box.) |
|---|
| ☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br><br><br>_____<br>(Address of landlord)<br><br>☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐  Debtor certifies that he/she has served the Landlord with this certification.  (11 U.S.C. § 362(l)). |

B1 (Official Form 1) (04/13)                                                                                    Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s):  **Richard C Klinnert** |
|---|---|

## Signatures

<table>
<tr><td>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7]  I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition]  I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X  /s/ Richard C Klinnert**
 **Richard C Klinnert**

**X**

 Telephone Number (If not represented by attorney)

 **5/2/2014**
 Date

</td><td>

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
 (Signature of Foreign Representative)


 (Printed Name of Foreign Representative)


 Date

</td></tr>
<tr><td>

**Signature of Attorney\***

**X  /s/ Karla Hunter**
 **Karla Hunter**                         Bar No. **6298449**

**Law offices of Karla Hunter**
**1109 Hidden Spring Dr**

**Naperville, IL 60540**

Phone No.**(630) 849-4555**       Fax No.**(630) 369-9599**

 **5/2/2014**
 Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td><td rowspan="2">

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.


 Printed Name and title, if any, of Bankruptcy Petition Preparer


 Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)


 Address
**X**

 Date
Signature of bankruptcy petiton preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

</td></tr>
<tr><td>

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.


**X**
 Signature of Authorized Individual


 Printed Name of Authorized Individual


 Title of Authorized Individual


 Date

</td></tr>
</table>

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Richard C Klinnert**                                      Case No. _____

                                                                                                (if known)

            Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:    **Richard C Klinnert**                                      Case No. _____

                                                                                          (if known)

                Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐  4. I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐  Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

☐  Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐  Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Richard C Klinnert**_____
                                        Richard C Klinnert

Date:    _____**5/2/2014**_____

B6A (Official Form 6A) (12/07)

In re  **Richard C Klinnert**                                        Case No. _____

                                                                          (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| Principal Residence<br>5858 N Sheridan Rd<br>Apt 401<br>Chicago, IL 60660 | fee simple | - | $78,000.00 | $84,967.96 |
| | | Total: | $78,000.00 | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Richard C Klinnert**                                    Case No. _____
                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | US Bank<br>704 W Main St<br>West Dundee, IL 60118<br>Checking Account | - | $4,034.83 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Couch, chair, table, bed, books | - | $200.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | ordinary,everyday clothing | - | $200.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Richard C Klinnert**                                    Case No. _____

                                                                            (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | | Hartmarx Retirement Plan Monthly payment plan only of $101.75 PBGC Benefits Admin & Payment Dept PO Box 151750 Alexander, VA 22315 | - | Unknown |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Richard C Klinnert**                                    Case No. _____

                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Richard C Klinnert**                                    Case No. _____

                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_____3_____ continuation sheets attached                          **Total >**        **$4,434.83**

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/13)

In re  **Richard C Klinnert**                                         Case No. _____

                                                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $155,675.*

☐ 11 U.S.C. § 522(b)(2)

☒ 11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| US Bank<br>704 W Main St<br>West Dundee, IL 60118<br>Checking Account | 735 ILCS 5/12-1001(b) | $4,000.00 | $4,034.83 |
| Couch, chair, table, bed, books | 735 ILCS 5/12-1001(b) | $0.00 | $200.00 |
| ordinary,everyday clothing | 735 ILCS 5/12-1001(a), (e) | $200.00 | $200.00 |
| Hartmarx Retirement Plan<br>Monthly payment plan only of $101.75<br>PBGC Benefits Admin & Payment Dept<br>PO Box 151750<br>Alexander, VA 22315 | 735 ILCS 5/12-704 | Unknown | Unknown |
| *Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.* | | **$4,200.00** | **$4,434.83** |

B6D (Official Form 6D) (12/07)

In re  **Richard C Klinnert**                                   Case No. _____
                                                                            (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **840420438**<br><br>**Green Tree Servicing LLC**<br>**PO Box 1672**<br>**Rapid City, SD 57709** | | - | DATE INCURRED: **10/06/2009**<br>NATURE OF LIEN:<br>**Fee Simple**<br>COLLATERAL:<br>**Principal Residence**<br>REMARKS:<br>**Original lender BOA account 210216769**<br>**Property Address 5858 Sheridan Rd,**<br>**Apt 401, chicago**<br>**Foreclosure case: 12CH38460, Circuit**<br>**Court of Cook Cty** | | | | **$84,967.96** | **$6,967.96** |
| | | | VALUE: **$78,000.00** | | | | | |
| **Representing:**<br>**Green Tree Servicing LLC** | | | **Bank of America**<br>**1515 W. 22nd Street Suite 200**<br>**Oakbrook, IL 60523** | | | | **Notice Only** | **Notice Only** |
| **Representing:**<br>**Green Tree Servicing LLC** | | | **Bank of America, NA**<br>**PO Box 5170**<br>**Simi Valley, CA 93062** | | | | **Notice Only** | **Notice Only** |
| | | | Subtotal (Total of this Page) > | | | | **$84,967.96** | **$6,967.96** |
| | | | Total (Use only on last page) > | | | | | |

___1___ continuation sheets attached

|  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |
|---|---|---|

B6D (Official Form 6D) (12/07) - Cont.

In re  **Richard C Klinnert**                                                        Case No. _____

                                                                                        (if known)


## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **Representing: Green Tree Servicing LLC** | | | **City of Chicago C/O City Clerk **SB1894 * 121 N Lasalle St Room 107 Chicago, IL 60602** | | | | **Notice Only** | **Notice Only** |
| **Representing: Green Tree Servicing LLC** | | | **Countrywide Home Loans, Inc 208 S Lasalle St Suite 814 Chicago, IL 60604** | | | | **Notice Only** | **Notice Only** |
| **Representing: Green Tree Servicing LLC** | | | **Pierce & Associates Thirteenth Floor 1 North Dearborn Chicago, Illinois 60602** | | | | **Notice Only** | **Notice Only** |
| | | | | | | | | |

Sheet no. ___1___ of ___1___ continuation sheets attached
to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total of this Page) > | **$0.00** | **$0.00** |
| Total (Use only on last page) > | **$84,967.96** | **$6,967.96** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/13)

In re  **Richard C Klinnert**                                        Case No. _____
                                                                           (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**

Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**No**_____continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Richard C Klinnert**                                           Case No. _____
                                                                                         (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**5858 Shore Manor Condo Assoc**<br>**Bradley D Collins**<br>**5320 N Sheridan Rd 2003**<br>**Chicago, IL 60640** | | - | DATE INCURRED:  **July 2012**<br>CONSIDERATION:<br>**Home Owner Assoc Fees**<br>REMARKS:<br>**12 M1 715793 Cook County Eviction case for past due home owner association dues** | | | | $12,250.06 |
| **Representing:**<br>**5858 Shore Manor Condo Assoc** | | | **5858 Shore mannor Condominium Home Assoc**<br>**C/O Bradley D Collins**<br>**5320 N Sheridan Rd 2003**<br>**Chicago, IL 60640** | | | | Notice Only |
| **Representing:**<br>**5858 Shore Manor Condo Assoc** | | | **5858 Shore Manor Condo Association**<br>**Briarwood Management LLC**<br>**1055 W Bryn Mawr Ave, #F293** | | | | Notice Only |
| **Representing:**<br>**5858 Shore Manor Condo Assoc** | | | **Kovitz Shifrin Nesbit**<br>**750 Lake Cook Road, Suite 350**<br>**Buffalo Grove, IL 60089** | | | | Notice Only |
| ACCT #:  **xxx-xxx-xxxx-965-5**<br>**AT&T**<br>**c/o Midland Bankruptcy**<br>**5407 Andrews Hwy**<br>**Midland, TX 79706** | | - | DATE INCURRED:  **March 2013**<br>CONSIDERATION:<br>**Utilities Service**<br>REMARKS: | | | | $102.56 |
| **Representing:**<br>**AT&T** | | | **Franklin Collection Service, Inc**<br>**PO Box 3910**<br>**Tupelo, MS 38803** | | | | Notice Only |
| | | | | | Subtotal > | | $12,352.62 |

_____**2**_____continuation sheets attached

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Richard C Klinnert**                                        Case No. _____
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Representing:** **AT&T** | | | **Southwest Credit** **4120 Internation Pkwy, Suite 1100** **Carrollton, TX 75001** | | | | **Notice Only** |
| ACCT #:  **xxxxx9196** **Bank of America, NA** PO Box 5170 **Simi Valley, CA 93062** | | - | DATE INCURRED: CONSIDERATION: **Line of Credit** REMARKS: | | | | **$10,564.57** |
| **Representing:** **Bank of America, NA** | | | **Bank  of America** **4161 Piedmont Pkwy** **Greensboro, NC 27411** | | | | **Notice Only** |
| ACCT #:  **xx-8880** **Elgin Medi-Transport Inc** **325 W. Highland Ave** **Billing Office** **Elgin, IL 60123** | | - | DATE INCURRED:  **12/05/2012** CONSIDERATION: **Transportation** REMARKS: | | | | **$871.03** |
| ACCT #:  **xx8768** **Provena Medical Group** **25872 Network Place** **Chicago, IL 60673** | | - | DATE INCURRED:  **2012** CONSIDERATION: **Medical Services** REMARKS: | | | | **$266.00** |
| ACCT #:  **xxxxxxxx5809** **Provena Saint Joseph Hospital** **Patient Financial Services** **1643 Lewis Ave, Suite 203** **Billings, MT 59102** | | - | DATE INCURRED:  **2012** CONSIDERATION: **Medical Services** REMARKS: | | | | **$2,607.00** |

Sheet no. ___**1**___ of ____**2**____ continuation sheets attached to                    Subtotal >         | **$14,308.60**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                              Total >
                                        **(Use only on last page of the completed Schedule F.)**
                                **(Report also on Summary of Schedules and, if applicable, on the**
                                **Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Richard C Klinnert**

Case No. _____
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxx9489**<br>**Target National Bank**<br>**3901 West 53rd Street**<br>**Sioux Falls, SD 57106** | | - | DATE INCURRED:  **2012**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$720.71** |
| **Representing:**<br>**Target National Bank** | | | **Firstsource Advantage LLC**<br>**205 Bryant Woods South**<br>**Amherst, NY 14228** | | | | **Notice Only** |
| **Representing:**<br>**Target National Bank** | | | **United Recovery Systems**<br>**5800 North Couse Drive**<br>**Houston, Texas 77072** | | | | **Notice Only** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. ____**2**____ of ____**2**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| **Subtotal >** | **$720.71** |
| **Total >** | **$27,381.93** |

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re   **Richard C Klinnert**                                        Case No. _____
                                                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H (Official Form 6H) (12/07)

In re  **Richard C Klinnert**                                            Case No. _____

                                                                                        (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

| Fill in this information to identify your case: | | | |
|---|---|---|---|

| Debtor 1 | Richard | C | Klinnert |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 (Spouse, if filing) | | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number (if known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form B 6I

## Schedule I: Your Income                                          12/13

Be as complete and accurate as possible.  If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information.  If you are married and not filing jointly, and your spouse is living with you, include information about your spouse.  If you are separated and your spouse is not filing with you, do not include information about your spouse.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write your name and case number (if known).  Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | _____ | _____ |
| Employer's name | | _____ | _____ |
| Employer's address | | _____<br>Number  Street | _____<br>Number  Street |
| | | _____ | _____ |
| | | _____ | _____ |
| | | _____<br>City                State  Zip Code | _____<br>City                State  Zip Code |
| How long employed there? | | _____ | _____ |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.**  If you have nothing to report for any line, write $0 in the space.  Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below.  If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | **$0.00** | _____ |
| 3. | Estimate and list monthly overtime pay. | 3. + | **$0.00** | _____ |
| 4. | Calculate gross income.  Add line 2 + line 3. | 4. | **$0.00** | _____ |

Debtor 1   **Richard**                 **C**                      **Klimert**                   Case number (if known) _____
            First Name              Middle Name              Last Name

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|

Copy line 4 here .................................................. ➔ 4.   $0.00   _____

**5.   List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $0.00 | _____ |
| 5b. Mandatory contributions for retirement plans | 5b. | $0.00 | _____ |
| 5c. Voluntary contributions for retirement plans | 5c. | $0.00 | _____ |
| 5d. Required repayments of retirement fund loans | 5d. | $0.00 | _____ |
| 5e. Insurance | 5e. | $0.00 | _____ |
| 5f. Domestic support obligations | 5f. | $0.00 | _____ |
| 5g. Union dues | 5g. | $0.00 | _____ |
| 5h. Other deductions. | 5h.+ | $0.00 | _____ |
| Specify: _____ | | | |

**6.   Add the payroll deductions.**   Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h.   6.   $0.00

**7.   Calculate total monthly take-home pay.**   Subtract line 6 from line 4.   7.   $0.00

**8.   List all other income regularly received:**

**8a.   Net income from rental property and from operating a business, profession, or farm**   8a.   $0.00

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

| | | | |
|---|---|---|---|
| 8b. Interest and dividends | 8b. | $0.00 | _____ |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | 8c. | $0.00 | _____ |

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.

| | | | |
|---|---|---|---|
| 8d. Unemployment compensation | 8d. | $0.00 | _____ |
| 8e. Social Security | 8e. | $1,136.00 | _____ |

**8f.   Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

| | | | |
|---|---|---|---|
| Specify: _____ | 8f. | $0.00 | _____ |
| 8g. Pension or retirement income | 8g. | $0.00 | _____ |
| 8h. Other monthly income. | 8h.+ | $101.75 | _____ |
| Specify: **Hartmarx Retirement Pla** | | | |

**9.   Add all other income.**   Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h.   9.   $1,237.75   _____

**10.   Calculate monthly income.**   Add line 7 + line 9.   10.   $1,237.75   +   _____   =   $1,237.75
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

**11.   State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____   11.   +   $0.00

**12.   Add the amount in the last column of line 10 to the amount in line 11.**   The result is the combined monthly income.   Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies.   12.   $1,237.75
                                                                                    **Combined monthly income**

**13.   Do you expect an increase or decrease within the year after you file this form?**

☑ No.          None.
☐ Yes. Explain:

**Fill in this information to identify your case:**

| Debtor 1 | **Richard** | **C** | **Klinnert** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   **NORTHERN DISTRICT OF ILLINOIS**

Case number
(if known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

## Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.  **Is this a joint case?**

☑ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**
    ☐ No
    ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☑ No
☐ Yes. Fill out this information for each dependent..................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form B 6I.)

**Your expenses**

4.  **The rental or home ownership expenses for your residence.**
Include first mortgage payments and any rent for the ground or lot.

4.  _____

If not included in line 4:

4a.  Real estate taxes                                    4a.  _____

4b.  Property, homeowner's, or renter's insurance    4b.  _____

4c.  Home maintenance, repair, and upkeep expenses    4c.  _____

4d.  Homeowner's association or condominium dues    4d.  _____

| Debtor 1 | **Richard** | **C** | **Klinnert** | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Your expenses**

**5.** **Additional mortgage payments for your residence,** such as home equity loans          5. _____

**6.** **Utilities:**

6a.  Electricity, heat, natural gas          6a. _____

6b.  Water, sewer, garbage collection          6b. _____

6c.  Telephone, cell phone, Internet, satellite, and cable services          6c. _____ **$50.00**

6d.  Other.  Specify: _____          6d. _____

**7.** **Food and housekeeping supplies**          7. _____ **$315.00**

**8.** **Childcare and children's education costs**          8. _____

**9.** **Clothing, laundry, and dry cleaning**          9. _____ **$86.00**

**10.** **Personal care products and services**          10. _____ **$31.00**

**11.** **Medical and dental expenses**          11. _____ **$60.00**

**12.** **Transportation.** Include gas, maintenance, bus or train fare.  Do not include car payments.          12. _____ **$262.00**

**13.** **Entertainment, clubs, recreation, newspapers, magazines, and books**          13. _____ **$50.00**

**14.** **Charitable contributions and religious donations**          14. _____

**15.** **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

15a.  Life insurance          15a. _____

15b.  Health insurance          15b. _____ **$200.00**

15c.  Vehicle insurance          15c. _____

15d.  Other insurance.  Specify: _____          15d. _____

**16.** **Taxes.**   Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____          16. _____

**17.** **Installment or lease payments:**

17a.  Car payments for Vehicle 1          17a. _____

17b.  Car payments for Vehicle 2          17b. _____

17c.  Other.  Specify: _____          17c. _____

17d.  Other.  Specify: _____          17d. _____

**18.** **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form B 6I).**          18. _____

**19.** **Other payments you make to support others who do not live with you.**
Specify: _____          19. _____

**20.** **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**

20a.  Mortgages on other property          20a. _____

20b.  Real estate taxes          20b. _____

20c.  Property, homeowner's, or renter's insurance          20c. _____

20d.  Maintenance, repair, and upkeep expenses          20d. _____

20e.  Homeowner's association or condominium dues          20e. _____

| Debtor 1 | **Richard** | **C** | **Klinnert** | Case number (if known) | _____ |
|----------|-------------|-------|--------------|------------------------|-----------------|
| | First Name | Middle Name | Last Name | | |

**21. Other.** Specify: _____     21. **+** _____

| **22.** | **Your monthly expenses.**    Add lines 4 through 21.<br>The result is your monthly expenses. | 22. | **$1,054.00** |
|---------|-----|-----|-----|

**23. Calculate your monthly net income.**

| 23a. | Copy line 12 (your combined monthly income) from Schedule I. | 23a. | **$1,237.75** |
|------|-----|------|-----|
| 23b. | Copy your monthly expenses from line 22 above. | 23b. **−** | **$1,054.00** |
| 23c. | Subtract your monthly expenses from your monthly income.<br>The result is your monthly net income. | 23c. | **$183.75** |

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.
☑ Yes.   Explain here:
**The health insurance is estimated because he is trying to sign up now. Also, he is working to get into an apt that is based on your income.**

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

In re  **Richard C Klinnert**                                    Case No.

                                                                 Chapter     **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $78,000.00 | | |
| B - Personal Property | Yes | 4 | $4,434.83 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $84,967.96 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $27,381.93 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $1,237.75 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 3 | | | $1,054.00 |
| TOTAL | | 19 | $82,434.83 | $112,349.89 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re  **Richard C Klinnert**                                    Case No.

                                                              Chapter      **7**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | **$0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | **$0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | **$0.00** |
| Student Loan Obligations (from Schedule F) | **$0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | **$0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | **$0.00** |
| **TOTAL** | **$0.00** |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | **$1,237.75** |
| Average Expenses (from Schedule J, Line 22) | **$1,054.00** |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | **$843.67** |

State the following:

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | **$6,967.96** |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | **$0.00** | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | **$0.00** |
| 4.  Total from Schedule F | | **$27,381.93** |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | **$34,349.89** |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Richard C Klinnert**                                   Case No. _____
                                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**21**_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **5/2/2014**_____        Signature **/s/ Richard C Klinnert**_____
                                                                            **Richard C Klinnert**

Date _____        Signature _____

                                                                    [If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or
both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Richard C Klinnert**                                     Case No. _____

                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

None
☑

### 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the TWO YEARS immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☐

### 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the TWO YEARS immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $4,136.00 | 2012 Unemployment |
| $1,221.00 | 2013 Hartmarks Retirement Plan |
| $2,238.00 | 2013 Social Security |
| $6,221.97 | 2013 Macys Inc Retirement Fund total distribution |
| $305.25 | 2014  Hartmarks monthly payment of $101.75 |
| $3,408.00 | 2014 Social Security $1136 / mo |

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☐

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 DAYS immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Dr. Zoran Stojanovic**<br>**712 W Main St**<br>**West Dundee, IL 60118** | april 2014, may 2014 | $2,000.00 | |
| **Root canal, cleaning, crown** | | | |

---

None
☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 DAYS immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Richard C Klinnert**                                      Case No. _____

                                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

---

None ☑  c.  All debtors:  List all payments made within ONE YEAR immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐  a.  List all suits and administrative proceedings to which the debtor is or was a party within ONE YEAR immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 5858 Shore Manor Home Owner Association vs. Richard Klinnert | Complaint for Possession of Condominium Unit and Judgment for Assessments | Circuit Court of Cook County First District  12M1715793 | Judgment and Eviction |
| 12CH38460 Bank of America v. Richard Klinnert | Complaint to Foreclose Mortgage | Circuit Cour of Cook County - Chancery Division | Pending |

---

None ☑  b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within ONE YEAR immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5. Repossessions, foreclosures and returns

None ☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Bank of America FKA Country Home Loans, Inc (Texas) 101 South Tryon Street Charlotte, NC 28255 | | 5858  N Sheridan Rd., Apt 401, Chicago, IL 14-05-402-041-1081; Value $84,000 |

---

### 6. Assignments and receiverships

None ☑  a.  Describe any assignment of property for the benefit of creditors made within 120 DAYS immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑  b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Richard C Klinnert**                                    Case No. _____

                                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

### 7. Gifts

None ☑

List all gifts or charitable contributions made within ONE YEAR immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within ONE YEAR immediately preceding the commencement of this case OR SINCE THE COMMENCEMENT OF THIS CASE.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within ONE YEAR immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Karla Hunter<br>1109 Hidden Spring Dr<br>Naperville, IL | 06/22/2013 | $1,000.00 |

---

### 10. Other transfers

None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within TWO YEARS immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property transferred by the debtor within TEN YEARS immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within ONE YEAR immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Richard C Klinnert**                    Case No. _____
                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

### 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 DAYS preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

---

### 15. Prior address of debtor

None ☐

If the debtor has moved within THREE YEARS immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **5858 Sheridan Rd**<br>**Suite 401**<br>**Chicago, IL 60660** | **Richard Klinnert** | **2009 to 2013** |

---

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within EIGHT YEARS immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Richard C Klinnert**                                      Case No. _____

                                                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet No. 4

---

**18. Nature, location and name of business**

None ☑

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within SIX YEARS immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

---

None ☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within SIX YEARS immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement ONLY if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

**19. Books, records and financial statements**

None ☑

a.  List all bookkeepers and accountants who within TWO YEARS immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None ☑

b.  List all firms or individuals who within TWO YEARS immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None ☑

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None ☑

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within TWO YEARS immediately preceding the commencement of this case.

---

**20. Inventories**

None ☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None ☑

b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

B7 (Official Form 7) (04/13)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

In re:   **Richard C Klinnert**

Case No.   _____

(if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☑  a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None ☑  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

**22. Former partners, officers, directors and shareholders**

None ☑  a.  If the debtor is a partnership, list each member who withdrew from the partnership within ONE YEAR immediately preceding the commencement of this case.

---

None ☑  b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within ONE YEAR immediately preceding the commencement of this case.

---

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during ONE YEAR immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group**

None ☑  If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within SIX YEARS immediately preceding the commencement of the case.

---

**25. Pension Funds**

None ☑  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within SIX YEARS immediately preceding the commencement of the case.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **5/2/2014**_____

Signature ___  **/s/ Richard C Klinnert**_____
of Debtor        ***Richard C Klinnert***

Date  _____

Signature _____
of Joint Debtor
(if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

IN RE:   **Richard C Klinnert**

CASE NO

CHAPTER   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

PART A -- Debts secured by property of the estate.  (Part A must be fully completed for EACH debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No.   1 | |
|---|---|
| **Creditor's Name:**<br>Green Tree Servicing LLC<br>PO Box 1672<br>Rapid City, SD 57709<br>840420438 | **Describe Property Securing Debt:**<br>Principal Residence |

Property will be (check one):
☑ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
☐ Claimed as exempt      ☐ Not claimed as exempt

PART B -- Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease.  Attach additional pages if necessary.)

| Property No.   1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☐      NO ☐ |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **5/2/2014** _____      Signature   __*/s/ Richard C Klinnert*_____
                                                                                        *Richard C Klinnert*

Date _____      Signature _____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Richard C Klinnert**                                    CASE NO

                                                                 CHAPTER   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|                                                            |              |
|------------------------------------------------------------|--------------|
| For legal services, I have agreed to accept:               | **$1,000.00** |
| Prior to the filing of this statement I have received:     | **$1,000.00** |
| Balance Due:                                               | **$0.00**    |

2. The source of the compensation paid to me was:

   ☐ Debtor            ☑ Other (specify)
                          **brother**

3. The source of compensation to be paid to me is:

   ☑ Debtor            ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.


| **5/2/2014**          | **/s/ Karla Hunter**                        |
|-----------------------|---------------------------------------------|
| *Date*                | *Karla Hunter*              Bar No.  6298449 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Richard C Klinnert**                                        CASE NO

                                                                       CHAPTER   **7**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date  5/2/2014                                      Signature   /s/ Richard C Klinnert
                                                                Richard C Klinnert


Date                                                Signature

# Law Office of Karla Hunter

## ATTORNEYS AT LAW

1109 Hidden Spring Dr
Naperville, IL 60540
PHONE: (630) 849 – 4555

1750 Grandstand Place, Suite 15
Elgin, IL 60123
PHONE: 630 849 4555

## ENGAGEMENT AGREEMENT
## BANKRUPTCY

The undersigned individuals, _Richard Klinnert_ (hereinafter referred to as "CLIENT"),
retains **attorney Karla Hunter,** (hereinafter referred to as "ATTORNEY") to represent Client in
connection with representation for bankruptcy matters, an in consideration for services to be
rendered, CLIENT, jointly and severally liable to ATTORNEY, according to the following terms of
this agreement.

1. **TOTAL FEES AND COSTS**

   A. <u>Fixed Fee.</u> A fixed fee shall be paid by CLIENT to ATTORNEY for legal services rendered
   according to this contract, as follows: _KH_

   i. CLIENT shall pay a total of $~~1,440.00~~ _1000_ in attorneys fees for a Chapter 7 bankruptcy filing
   and a total of **$3,500.00** for a Chapter 13 bankruptcy filing.

   ii. CLIENT shall remit payment of attorneys fees, in guaranteed funds (cash, money order
   or cashier's check) according to the following terms:
   - Initial Payment: $1,~~448.00~~ _1,000_ paid with return of the signed retainer agreement.
   - Additional Payment: In the event that CLIENT files a Chapter 13 case, an additional
     **$2,000.00** shall be paid through the Chapter 13 Plan that is submitted to the court for
     approval.

   iii. Undertaking representation of the CLIENT means that work will commence and
   resources will be committed to this case. Therefore, all monies paid or agreed to be
   paid by the ATTORNEY are fully earned by the ATTORNEY when paid by CLIENT
   and no money shall be refunded in the event that CLIENT may choose to cancel this
   agreement. CLIENT expressly understands that **no portion of any of the fees that are
   paid or agreed may be cancelled or refunded.** All fees paid or agreed to be paid by
   CLIENT are fully earned compensation to attorney for services rendered and for the
   responsibility of undertaking representation of client. The CLIENT understands that
   ATTORNEY'S acceptance

   B. <u>Costs.</u> In addition to the fixed fee, CLIENT shall pay a minimum of $___0.00___: as a
   security retainer, except for the non-refundable administrative, as set forth below, for costs
   to ATTORNEY in guaranteed funds (cash, money order or cashier's check), which shall be
   disbursed by ATTORNEY, for payment of costs as required. CLIENT expressly agrees and
   understands that any costs for services that have been incurred will not be refunded to
   CLIENT, if CLIENT chooses to cancel this agreement. In addition, CLIENT expressly
   agrees that he or she understands that any refund of costs not incurred will only be

refunded at the time of ATTORNEY'S regular monthly billing processing.

- ☒ <u>Court Filing Fees:</u>  Chapter 7:  **$306.00** <u>or</u>  Chapter 13: **$274.00**
- ☒ <u>Credit Bureau Reports:</u>  Individual <u>or</u>  Joint: **$50.00**
- ☒ <u>Administrative Fee – Non-refundable</u> (MyCaseInfo, Electronic Bankruptcy Court Fees, Photocopying, Faxes, Postage, etc…): Individual or Joint: **$71.00**
- ☐ <u>Credit Counseling  (Pre-Filing):</u>  Individual or Joint: **$45.00**
- ☐ <u>Credit Counseling  (Post-Filing):</u>  Individual or Joint: **$45.00**
- ☐ <u>Tax Transcripts:</u>  Individual or Joint **$25.00**

C. **Amended Schedules**.  If there is need for ATTORNEY to prepare and file any amended schedules in order to include additional creditors in the bankruptcy filing, regardless of the reason that the information was not provided to ATTORNEY by the CLIENT, prior to filing the case, CLIENT understands and agrees that he or she will be required to pay the following additional fees in guaranteed funds (cash, money order or cashier's check) to ATTORNEY, <u>prior to</u> the preparation and filing of the Amended Schedules by ATTORNEY: Total: **$70.00** plus any required court costs.  In the event that CLIENT does not provide full payment of attorneys fees and costs to CLIENT, then CLIENT understands that ATTORNEY may file a motion to withdraw from the pending case.

2. **CONDITION.** This contract will not be effective and ATTORNEY will not have any obligation to provide legal services, until 1) CLIENT returns the **signed original** of this agreement, <u>with all signatures present</u>, including the signature of ATTORNEY and 2) CLIENT remits payment in full in guaranteed funds (cash, money order or cashier's check) for all required fees and costs that must be paid pursuant to this agreement and 3) CLIENT provides signed authorization form to obtain CLIENT'S credit report.  Accordingly, CLIENT understands that ATTORNEY will not have obligation to prepare or file a case, until payment in full is received.

3. **SCOPE OF RIGHTS AND DUTIES**.  CLIENT hires ATTORNEY to provide legal services in connection with the preparation of a bankruptcy petition.  CLIENT acknowledges and understands the following duties required by ATTORNEY and CLIENT, in order for ATTORNEY to represent CLIENT in this matter:

A. <u>ATTORNEY Rights and Duties.</u>

i. ATTORNEY shall only be required to provide the services listed as set forth in this agreement
ii. ATTORNEY'S services will NOT include litigation of any kind whatsoever, whether in court, in administrative hearings or before government agencies or arbitration tribunals.
iii. ATTORNEY shall take reasonable steps to keep CLIENT informed of the progress of the case and to respond to CLIENT inquires.
iv. ATTORNEY reserves the right to withdraw from CLIENT representation if, among other things, CLIENT fails to honor the terms of this Agreement, including non-payment of Attorney and court filing fees; CLIENT fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical.  CLIENT is aware of an ethical requirement imposed upon all attorneys in the State of Illinois.

B.  CLIENT Rights and Duties.

i.   CLIENT agrees to be truthful with ATTORNEY, cooperate with ATTORNEY, and keep
     ATTORNEY informed of development, abide by this Agreement, pay ATTORNEY'S
     fees at the time requested and keep ATTORNEY advised of CLIENT'S address,
     telephone number and whereabouts.

ii.  Client acknowledges that he/she must attend pre-petition credit counseling before the
     bankruptcy petition can be filed. Client understands that he/she must also attend post-
     petition counseling after the bankruptcy petitions is filed and within the time frame
     allowed by statute. **Client acknowledges that the bankruptcy cannot be filed without
     the certificate of completion of the pre-bankruptcy credit counseling. Client
     understands that no discharge of debts will be issued if the post-bankruptcy credit
     counseling is not completed within the statutory time frame.**

iii. CLIENT agrees to obtain, gather, organize and promptly provide copies of any and all
     documents requested by ATTORNEY.

iv.  CLIENT agrees to obtain and provide complete copies of all prior year tax returns filed
     by CLIENT, including all schedules, to ATTORNEY, prior to ATTORNEY filing a
     bankruptcy case for CLIENT. CLIENT understands that the tax returns documents will
     be provided to the Trustee by ATTORNEY within 7 days after filing the case, and it is
     necessary to provide copies of the tax returns to ATTORNEY, prior to filing the case.

v.   CLIENT agrees to obtain and provide copies of all evidence of recent income, from any
     source whatsoever, including copies all paystubs for the last six months as required by
     the according to bankruptcy law.

vi.  CLIENT expressly agrees and understands that they must fully cooperate with
     ATTORNEY and provide all information relevant to the issues involved in this matter.
     CLIENT must also remit payment of fees and costs to ATTORNEY, when requested,
     pursuant to this agreement. In the event that CLIENT does not comply with these
     requirements, ATTORNEY may 1) advise client that they are terminating further
     representation of CLIENT, or 2) seek court permission to withdraw from further
     representation if a case has been filed. ATTORNEY will also withdraw for further
     representation of CLIENT at the request of CLIENT.

vii. CLIENT expressly understands that failure to promptly obtain and/or provide any
     documents or information requested by ATTORNEY, including but not limited to the
     documents listed herein, or to provide truthful information to ATTORNEY will
     severely limit ATTORNEY'S ability to prepare an accurate and timely bankruptcy filing
     for client.

viii. CLIENT acknowledges his/her obligation to make full and complete disclosure of all
     assets and all liabilities, and to provide all documents and information requested by the
     ATTORNEY, before the bankruptcy petition can be prepared and filed with the court.

ix.  CLIENT acknowledges that the ATTORNEY will not research creditor information,
     including addresses, account numbers, or balances. Accordingly, CLIENT must provide
     this information to the ATTORNEY in writing and failure to do so many result in
     unscheduled debts subject to non-dischargeability.

x.   CLIENT understands that filing bankruptcy does not automatically discharge or remove
     liens from any real estate. CLIENT agrees that the ATTORNEY will not take any action
     to avoid (remove) any lien on real estate. CLIENT agrees that the ATTORNEY will

rely on CLIENT'S statements concerning ownership of real property and any liens attached to CLIENT'S real property. CLIENT agrees that no real estate title search will be conducted by ATTORNEY. CLIENT agrees that ATTORNEY will not conduct a public records search for lawsuits filed against CLIENT or judgments granted against CLIENT. CLIENT must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if CLIENT wishes to obtain one. **CLIENT agrees to hold the ATTORNEY harmless if CLIENT later discovers liens, lawsuits or judgments against CLIENT or against CLIENT'S real estate.**

xi. CLIENT understands that individuals who file for relief under Chapter 7 or Chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee. If CLIENT'S case is selected for an audit, CLIENT agrees to pay ATTORNEY the customary hourly rate for representing CLIENT in such audit.

xii. CLIENT understands that ATTORNEY may charge additional fees if CLIENT waits longer than ninety (90) days from the first date ATTORNEY is retained to finalize the bankruptcy petition and schedules due to additional due diligence and other update work required to finalize the bankruptcy. Accordingly, CLIENT agrees to promptly complete the electronic information gathering process used by ATTORNEY, known as MyCaseInfo, and failure to do so by CLIENT may result in ATTORNEY terminating this agreement with CLIENT.

xiii. CLIENT must provide ATTORNEY with a signed authorization for ATTORNEY to obtain CLIENT'S credit report.

4. **LEGAL SERVICES TO BE PROVIDED**. The legal services rendered by ATTORNEY to CLIENT shall include:

A. Review and analyze CLIENT'S financial situation, based on information provided by CLIENT and to the extent possible, advise CLIENT of options, including filing for bankruptcy.

B. Provide advice and assistance to CLIENT in determining whether to file a voluntary petition under Title 11, United State Code (Bankruptcy Code).

C. Advise CLIENT of the information necessary to provide to ATTORNEY in order to allow ATTORNEY to provide appropriate advice to CLIENT concerning filing for bankruptcy relief.

D. Advise CLIENT of any and all documents that are insufficient for filing for bankruptcy.

E. Advise CLIENT of the appropriate requirements in connection with filing a Chapter 7 or Chapter 13 bankruptcy, including duties that will be required of CLIENT with filing for bankruptcy.

F. Preparation and filing of the Petition, Schedules of Assets and Liabilities, Statement of Affairs, Means Tests Forms, Supplemental Forms and Mailing Matrix.

G. Preparation for and representation of CLIENT at the Meeting of Creditors.

H. Discussion of and recommendation for required pre-petition credit counseling and education requirements, post-petition, and explanation of those requirements under the Bankruptcy Code.

I. Discussion of options to retain secured property.

J. All legal work required to prepare for and attend any necessary court appearances, research, investigation, correspondence, preparation. and drafting of documents and other related work to properly represent CLIENT in this matter exclusively for the tasks set forth above.

K. Attorney shall retain the CLIENT file for a period of 10 years, at which time, ATTORNEY shall have the right to destroy the CLIENT'S file, including any original documents provided to ATTORNEY that the CLIENT did not expressly request in writing to be returned.

5. **LEGAL SERVICES NOT PROVIDED.** The legal services and/or legal representation not provided by ATTORNEY pursuant to this agreement shall NOT include:

A. Representation of CLIENT in any adverse proceedings arising under Bankruptcy Code Section 523 for fraud, credit card abuse, false financial statements or any and all exceptions to discharge under Section 523; or

B. Representation of CLIENT in any adverse proceeding arising under Bankruptcy Code Section 727 for false oath, concealment of assets, revocation of discharge or any other and all objections to discharge under Section 727; or

C. Representation of CLIENT in any objection to claim of exemptions by trustee or any creditor; or

D. Representation of CLIENT for any type of federal or state advice, opinion, negotiation or any other matters pertaining to the discharge of any tax under any state or federal laws.

E. Representation of the CLIENT for any of the following tasks or proceedings, in any manner whatsoever, unless expressly agreed upon in writing by a separate agreement between ATTORNEY and CLIENT, where CLIENT shall be required to remit payment of additional fees and costs to attorney:

   i. Motions to revoke a discharge.

   ii. Removal of a pending action in another court.

   iii. Obtain title reports.

   iv. Determination of real estate or tax liens.

   v. Appeals for any matter related to the bankruptcy filing

   vi. Correction of credit reports.

   vii. Negotiation with Check Systems regarding CLIENT

   viii. Motions to discuss CLIENT'S case that are filed by the Trustee, U.S. Trustee, or any creditor.

   ix. Negotiation of reaffirmation agreements proposed by creditors, motions to redeem personal property, and negotiation of reaffirmation agreements in the event that CLIENT'S income is not sufficient to rebut the presumption of undue hardship and special circumstances do not warrant the signing of a reaffirmation agreement.

   x. Motion to impose or extend a bankruptcy stay.

   xi. Motions to lift the automatic stay filed by any creditors.

CLIENT acknowledges and understands that by signing this agreement that debts will not be discharged if a creditor proves that CLIENT was not truthful about assets or concealed, destroyed or transferred any property within Bankruptcy Code Section 523 and/or 727.

CLIENT acknowledges and understands by signing this agreement that all bankruptcy papers, pleadings, and petitions, signed under the penalty of perjury and a false oath, concealment of assets or other allegation under Bankruptcy Code Section 727 by a creditor, trustee or court may result in the denial of a discharge or debt or other sanctions, either monetary or non-monetary.

6. **CONCLUSION OF SERVICES.** At the conclusion of ATTORNEY'S services, for any reason whatsoever, ATTORNEY will upon request of the client, make a copy of CLIENT'S file available for pick-up by the client, in addition to a refund of any costs subject to refund that are currently within ATTORNEY'S possession, within 10 days after receipt by ATTORNEY of a written request delivered to ATTORNEY. CLIENT shall be responsible for payment of any photocopying charges to copy of the file, which shall be paid by CLIENT either from any remaining funds held by ATTORNEY for payment of costs or paid to ATTORNEY by CLIENT in guaranteed funds (cash, money order or cashier's check) at the time of the pick-up of the file. CLIENT acknowledges that all documents filed with the court are available to CLIENT through a request to the Federal Bankruptcy Clerk's office for a copy fee charge and agrees that ATTORNEY shall not be required to provide a copy of the CLIENT'S file to CLIENT without advance payment of a copy fee to ATTORNEY.

7. **DISCLAIMER OF GUARANTEE.** CLIENT acknowledge and understands that nothing in this agreement or ATTORNEY'S statements to CLIENT are intended in any manner whatsoever as a promise or guarantee concerning the outcome of CLIENT'S matter, including the approval by the Bankruptcy Court and/or Trustee of eligibility by CLIENT to be able to file for Chapter 7 or Chapter 13 bankruptcy. ATTORNEY'S comments about the outcome of the CLIENT'S matter are expressions of opinion only. In addition, ATTORNEY renders no advice or opinion as to the dischargeability of any tax debt and has not provided such advice to client. Further, CLIENT understands that ATTORNEY makes not guarantees or representations whatsoever concerning CLIENT'S ability to continue to own and reside in their present home, to refinance a mortgage on the home or the financial ability to purchase a new residence. CLIENT also understands that ATTORNEY has not made any guarantees or representations whatsoever concerning the negotiation and/or approval of a reaffirmation or redemption of any debts whatsoever for CLIENT.

8. **EFFECTIVE DATE / MODIFICATIONS.** This agreement shall be effective when CLIENT has performed the conditions stated in herein. CLIENT hereby acknowledges that he or she understands the terms and conditions of this agreement, prior to signing below. CLIENT agrees that this written agreement contains all of the terms and conditions of the legal services attorney shall provide to client. In addition, any oral modification to this contract will not be binding on ATTORNEY and/or CLIENT unless it is subsequently made in writing and signed by both parties.

9. **ADDITIONAL LEGAL SERVICES.** In the event that CLIENT requires other services which may or may not be related to this matter in any manner whatsoever, CLIENT and ATTORNEY may enter into a new agreement for ATTORNEY to provide other services to CLIENT, including by not limited to the services listed in this contract as "Legal Services Not Provided". Neither ATTORNEY nor CLIENT shall be required to enter into any agreements for legal services for the CLIENT whatsoever.

10. **BANKRUPTCY DISCHARGE.** Client acknowledges and understands by singing this agreement that discharge in bankruptcy is a legal excuse from paying unsecured debts. CLIENT acknowledges and understands by executing this agreement that bankruptcy does not

cancel secured debts, debts to creditors that the CLIENT failed to list on Bankruptcy Schedules, most income taxes, payroll taxes, sales taxes, tax penalties and interest owed to the State and federal government, most student loans, child and spousal support, most fraud judgments from any court, punitive damages, criminal restitution and fines, most judgments for malicious and willful conduct from any court and any money that is owed as a result drunken driving litigation.

11. **LIQUIDATION OF ASSETS BY TRUSTEE.**  The CLIENT acknowledges and understands that in a Chapter 7 petition , a Chapter 7 Trustee will be appointed by the court. The CLIENT understands that the Chapter 7 trustee has a duty to investigate the financial affairs of the debtor; determine the available assets to be liquidated for the payment of creditors and oppose the discharge of the debtor, if advisable.  The CLIENT acknowledges that they have a duty to cooperate with the Chapter 7 trustee.  The CLIENT acknowledges that the Chapter 7 trustee may investigate the value of the CLIENT'S real property, business and any and all other assets that may result in liquidation and payment of money to creditors.  CLIENT understands that the new bankruptcy law, effective October 17, 2005 is subject to different interpretations and there are inherent risks in how the courts may apply various provisions.

12. **CHAPTER 13 MODEL RETENTION AGREEMENT.**  CLIENT understands that if after review and analysis of the CLIENT'S financial information by ATTORNEY, as recommended by ATTORNEY, CLIENT decides to file for Chapter 13 bankruptcy, that CLIENT will be required to review and sign a Chapter 13 Model Retention Agreement, as required by the court and/or trustee in order for ATTORNEY to continue to represent CLIENT and proceed with the Chapter 13 filing, as it is a required document.  CLIENT understands that they are not required to sign the Chapter 13 Model Retention Agreement.  However, in the event that CLIENT chooses not do so, ATTORNEY shall have the right to cancel representation of CLIENT, immediately, pursuant to the terms of this agreement.

The foregoing terms and conditions are understood and acknowledged to be the entire agreement between the CLIENT and ATTORNEY.

Dated:  3-21-13

_____
Client Signature

RICHARD KLININGRI
Client Printed Name

_____
Client Spouse Signature

_____
Client Spouse Printed Name

_____
Attorney at Law

### Notice to Individual Consumer Debtor Under
### Section 342(b) and 527(a) of the Bankruptcy Code

In accordance with section 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees can not give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, section 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge:  Total fee $306)**

1.   Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under section 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

2.   Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.   Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a

willful and malicious injury, the bankruptcy court may
determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an
Individual with Regular Income ($235 filing fee, $46
administrative fee:  Total fee $281)**

    1.   Chapter 13 is designed for individuals with
regular income who would like to pay all or part of their
debts in installments over a period of time.  You are only
eligible for chapter 13 if your debts do not exceed certain
dollar amounts set forth in the Bankruptcy Code.

    2.   Under chapter 13, you must file with the court a
plan to repay your creditors all or part of the money that
you owe them, using your future earnings.  The period
allowed by the court to repay your debts may be three years
or five years, depending upon your income and other
factors.  The court must approve your plan before it can
take effect.

    3.   After completing the payments under your plan,
your debts are generally discharged except for domestic
support obligations; most student loans; certain taxes;
most criminal fines and restitution obligations; certain
debts which are not properly listed in your bankruptcy
papers; certain debts for acts that caused death or
personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $46
administrative fee:  Total fee $1046)**

    Chapter 11 is designed for the reorganization of a
business but is also available to consumer debtors.  Its
provisions are quite complicated, and any decision by an
individual to file a chapter 11 petition should be reviewed
with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $46 administrative fee:  Total fee $246)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**  Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**In accordance with section 527(a)(2) of the Bankruptcy Code, be advised that:**

1.  All information you are required to provide with a bankruptcy petition and during a bankruptcy case must be complete, accurate, and truthful.

2.  All assets and all liabilities must be completely and accurately disclosed in the documents filed in your case, and the replacement value of each asset must be stated in those documents where requested after reasonable inquiry to establish such value.

3.  Current monthly income, the amounts specified in the means test under section 707(b)(2), and disposable income in chapter 13 cases must be stated after reasonable inquiry.

4.  Information that you provide during your bankruptcy case may be audited, and the failure to provide such information may result in dismissal of the case or other sanction, including a criminal sanction.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.


Date:
Case No. (if known):


[*signature*]
Printed Name(s) of Debtor(s)
RICHARD KLINNERT

3/21/13

[*signature*]
Signature of Joint Debtor (if any)

Form 6      Notice Required by 11 U.S.C. § 527(b)[1]

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a "trustee" and by creditors.

---

[1] This form contains the written notice required by section 527(b) to be provided, to the extent applicable, by a debt relief agency to an assisted person. It must be provided in a single document separate from other documents and notices provided to the client. This form provides the notice copied verbatim from the statute, even though it includes information that may be incorrect. Attorneys are permitted under section 527(a)(2) to alter the language as long as the notice provided is one that is substantially similar. If the notice is not provided at the time the client signs an initial consultation agreement, see Form 4, Appx. G.2, supra, and with a copy attached thereto, the attorney should include the certificate of receipt and have the client sign it.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt.  You may want help deciding whether to do so.  A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over three to five years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation.  You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.


Date:
Case No. (if known):


[*signature*]
Printed Name(s) of Debtor(s)

[*signature*]
Signature of Joint Debtor (if any)